## James Fields v. The State.

Mistake of date in statement of facts.—However obvious it may appear that the date of the offense, as given in the statement of facts, was a clerical error, the court will reverse where the offense appears by the statement of facts to have been committed subsequent to the date of the indictment.

Appeal from Denton. Tried below before the Hon. J. M. Lindsay.

*Lovejoy & Dickson* and *Smith & Blackburn,* for appellant.

*George Clark, Attorney General,* for the State.

Moore, Associate Justice.—The indictment in this case was filed in court on the 8th of August, 1873, for an offense alleged to have been committed on the 25th day of December, 1872, while the offense for which appellant was convicted, as appears from the statement of facts, was committed on the 25th of December, 1873, after the bill of indictment was filed.

The improbability that appellant would have permitted testimony to go to the jury in reference to a transaction subsequent to the finding of the bill of indictment; that the court would have allowed it, even though appellant had not objected; the identity as to the day and month of the occurrences referred to in the indictment and statement of facts, induces the moral conviction that the date given in the statement of facts is a clerical mistake which, in its preparation, escaped the attention of both the counsel and the court.

In the absence of anything in the statement of facts, either preceding or following the alleged date of the offense referred to by the witnesses upon whose evidence the case was submitted to the jury, tending to show that the date mentioned in the statement of facts results from a clerical mistake in its preparation, or what the true date of the transaction was to which the witnesses referred, we are not willing on bare impressions of this kind to hold, in direct and palpable contradiction of its approval by the judge presiding on the trial of the case in the District Court, that the statement of facts in the record is not correct, and by intendment supply its defects, so as to support the judgment. Even though the evidence submitted to the jury may, beyond all question, have been amply sufficient to support the verdict, it is better that the judgment should be reversed than to establish such a precedent or encourage carelessness in the preparation of so important a part of the record of a case to be brought to this court as the statement of facts.

Because the verdict is not warranted by this evidence, the judgment is reversed and the cause remanded.

REVERSED AND REMANDED.