## A. KINCAID *v.* THE STATE.

TIME — EVIDENCE. — It is generally sufficient to allege and prove the commission of the offence at any date anterior to the inception of the prosecution and within the period of limitation ; but when, as in the present case, the proof shows that the offence was committed subsequent to the presentment of the indictment, the prosecution must fail.

APPEAL from the County Court of Guadalupe. Tried below before the Hon. W. P. H. DOUGLASS, County Judge.

*Henderson & Neal*, for the appellant.

*Thomas Ball*, Assistant Attorney-General, for the State.

CLARK, J. While, generally, the date of an offence need not be alleged with exactness in an indictment, and the proof may show its commission at any date previous to the inception of the prosecution and within the period of limitation, yet if the evidence upon the trial shows that the act for which the prosecution is being carried on occurred subsequent to the presentment of the indictment, the prosecution must fail.

The indictment in this case was presented on May 10, 1879, and the offence is alleged to have been committed on April 19, 1879. The evidence of the injured party, which seems to have been the only evidence upon the point, is to the effect that the offence was committed on the — day of June, 1879. The evidence, therefore, fails to support the

indictment and conviction.  *McCoy* v. *The State*, 3 Texas Ct. App. 399; *Fields* v. *The State*, 43 Texas, 214.

The indictment, though seriously complained of, is deemed sufficient for the offence charged, — aggravated assault.  *Hunt* v. *The State*, 6 Texas Ct. App. 663.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*